UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHABTAI STEVE ADIKA                                                                                              PLAINTIFF

v.                                                                                     CIVIL ACTION NO. 3:05CV-307-S

MIKE SMITH                                                                                                       DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Mike Smith, to dismiss the action under Fed.R.Civ.P. 12(b) as barred by the applicable statute of limitations.

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

Smith is a jockey who engages in thoroughbred horse racing. The plaintiff, Shabtai Steve Adika, was Smith's agent under an oral contract from 1989 until November of 1999. The parties agree that oral agency contracts are customary in the thoroughbred horseracing industry. Under that contract, Adika received 30% of Smith's yearly earnings for his representation of Smith. In November 1999, the agency relationship was terminated.

Smith rode the thoroughbred Unbridled's Song during the horse's racing career. Unbridled's Song ceased racing and began his stud career in 1997. Smith was granted a yearly gifted stud fee for the stud career of Unbridled's Song, beginning in that year. The horse studded from 1997 through 2005, and Smith was paid a yearly fee. Adika did not receive any portion of the fee from Smith either during their agency relationship or after.

Adika filed this lawsuit on May 5, 2005 in the Jefferson County, Kentucky, Circuit Court alleging that Paraneck Stable had granted the fee to both Smith and him, "under their [Smith and

- 2 -

Adika's] normal business percentage," and that he has not been paid any of the fee by Smith. Smith removed the action under our diversity jurisdiction.

Smith contends that Adika's claims against him are barred by the five-year statute of limitations for contracts not in writing. KRS 413.120. The oral agency contract between Smith and Adika was terminated in November of 1999. Adika did not file suit against Smith until May of 2005, approximately six months after the statute of limitations ran on any claim under the agency contract. Adika had no other contract with Smith.

Adika attempts to avoid the statute of limitations bar by focusing attention on Paraneck Stable's alleged intention that both Smith and Adika earn the yearly gifted stud fee. Paraneck Stable is not a party to this action. The action is against Smith with whom Adika had no contractual relationship after November of 1999. While the intention to gift Adika, as expressed by Ernie Paragallo of Paraneck Stable in a letter dated April 13, 2004[1], is interesting, it does nothing to evidence a post-November, 1999 obligation on the part of Smith to pay Adika a portion of the fee.

The 2004 letter of Paragallo cannot be used to elevate an intention to a requirement. The fee was paid yearly to Smith. Adika's complaint does not allege any facts which suggest the purported grant of a fee to Adika. In response to the motion to dismiss, he offers nothing more than a letter executed seven years after the fact suggesting that it was Paraneck Stable's *intention* that Adika and Smith share the fee under their business arrangement.

There is apparently no dispute, however, that Paraneck Stable granted a fee to Smith. Assuming, *arguendo*, that Paraneck Stable intended at the time it granted the fee to Smith that Smith should pay a portion of the fee to Adika, it did nothing to impose such a requirement on Smith.

---

[1] This letter is not referenced in the complaint, but rather was submitted by Adika in support of his response to the motion to dismiss. It has been offered to explain the state of mind of Paraneck Stable in 1997 when Unbridled's Song was put out to stud. However, Adika does not reference any document granting him a fee to which such state of mind evidence would arguably be relevant. The only document or record addressing the matter is a Syndicate Agreement which appears to grant a fee to Smith. Adika takes issue with this document, however, contending that it is not fully and properly executed and constitutes a matter outside the pleadings. We need not consider the Syndicate Agreement for purposes of this disposition.

Adika makes the bald assertion that Paraneck Stable granted him a fee. Complaint, ¶ 8. There are no facts alleged to support such an allegation beyond the implication that he was owed a percentage of the fee received by Smith through his agency contract. *See*, Complaint, ¶¶ 6, 8. While Adika claims entitlement, we find the allegations of the complaint to be insufficient to state a claim for rights in the fee under an alleged grant of a fee by Paraneck Stable to Adika. "Although Fed.R.Civ.P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury...The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions...devoid of any well-pleaded facts." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995), *citing, Baxter v. Vigo County School Corp.*, 26 F.3d 728, 736 (7th Cir. 1994).

Finally, even accepting the allegation of ¶8 as adequately supported, Paraneck Stable's grant of a fee to Smith and Adika under their "normal business percentage" necessarily presumes the existence of some business relationship between jockey and agent. Indeed, the Paragallo letter relied upon by Adika states that "[t]he purpose and understanding was for both the Jockey and his Agent, under their normal business percentage, to earn the yearly gifted stud fee." Thus this fee was intended to be earned yearly, as the denomination implies, under their business terms. After November 1999, no business relationship existed between Smith and Adika. Thus, Adika could not show that he was entitled to any percentage of the fee after that time.

Any claim against Smith for a percentage of the fee paid for the period of time prior to November 1999 while the agency agreement was in force is time-barred under the five-year statute of limitations, KRS 413.120.

In his response, Adika makes the argument that Smith's receipt of the yearly fee rendered Smith the bailee for the portion of the fee allegedly owed to him. This legal fiction fails however, as there must first be a well-pleaded claim of ownership by Adika of a percentage of the fee. We have determined that no adequate claim has been made, rendering the bailment theory without merit.

For the reasons set forth herein, Adika's claim is time-barred. Adika's second and unauthorized response to the motion to dismiss need not be considered as the court did not rely upon the terms of the tendered Syndicate Agreement in reaching this decision. Smith's motion to strike Adika's second response (DN 10) will be denied as moot. The request for oral argument on the matter (DN 12) will also be denied as moot. Finally, the motion to take the deposition of Ernest Paragallo (DN 15) will be denied in light of the court's ruling herein that Smith is entitled to dismissal of the claims against him as time-barred.